UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-95-RLV
(5:05-cr-235-RLV-13)

| | |
|---|---|
| ROBERT IVAN HORTON, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On December 29, 2005, Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The presentence report found that he had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: two North Carolina convictions of common law robbery, both in 1988. (Motion to Vacate 1, Doc. No. 1.)

On June 13, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Petitioner argues his prior convictions for North Carolina common law robbery no longer qualify as career-offender predicates in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the

1

Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. See Johnson, 135 S. Ct. at 2563.

On November 28, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 3.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 3) is **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: December 1, 2016

Richard L. Voorhees
United States District Judge